```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

NATHANIEL TRAVIS VICK,

    Plaintiff,

v.                                          Civil Action No. 5:07CV66
                                                              (STAMP)

HANCOCK COUNTY BOARD OF EDUCATION and
WEST VIRGINIA BOARD OF EDUCATION/
WEST VIRGINIA DEPARTMENT OF EDUCATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT WEST VIRGINIA BOARD OF EDUCATION/
WEST VIRGINIA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS**

    Plaintiff, Nathaniel Travis Vick, filed the above-styled civil action alleging that the defendant Boards of Education have violated the Individuals with Disabilities Act, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act and 42 U.S.C. § 1983. In response, the West Virginia Board of Education/ West Virginia Department of Education (hereinafter "State Board") filed a motion to dismiss. The plaintiff filed a response in opposition.

    The State Board argues that the plaintiff's complaint against it must be dismissed because the plaintiff failed to comply with the notice procedure required by West Virginia Code § 55-17-3(a)(1). West Virginia Code § 55-17-3(a)(1) requires that:

> at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the attorney general written

> notice, by certified mail, return receipt requested, of
> the alleged claim and the relief desired.

The State Board is a government agency as defined by West Virginia Code § 55-17-2.[1] The plaintiff admits that he did not provide actual written notice to the State Board before commencing this action. Nonetheless, the plaintiff argues that the State Board had prior notice of this action because "the Plaintiff and Defendants have been arguing over the issues set forth in Plaintiff's Complaint for quite some time prior to the filing of the Complaint." (Pl.'s Resp. to Mot. to Dismiss 1.)

"[C]ompliance with the pre-suit notification provisions set forth in W. Va. Code § 55-17-3(a)(2002) is a jurisdictional pre-requisite for filing an action against a State agency . . . ." Motto v. CSX Transp., Inc., 647 S.E.2d 848, Syl. Pt. 3 (W. Va. 2007). Because the plaintiff did not provide pre-suit notification to the State Board as required by statute, this Court is without jurisdiction to hear the plaintiff's complaint against the State Board. Accordingly, the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as to the defendant State Board.[2] If the plaintiff

---

[1] "'Government agency' means . . . a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government . . . ." W. Va. Code § 55-17-2.

[2] The plaintiff's claims against the Hancock County Board of Education ("County Board") are unaffected by this order. The County Board has filed a motion to dismiss upon which a separate ruling will be made.

2

desires to re-file his complaint against the State Board, he must do so in compliance with West Virginia Code § 55-17-3(a). This instruction, however, is not to be construed as an opinion by this Court as to the merits of any such claim, or claims, if filed.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 22, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE