IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHANIEL TRAVIS VICK,

    Plaintiff,

v.                                      Civil Action No. 5:07CV66
                                                      (STAMP)

HANCOCK COUNTY BOARD OF EDUCATION and
WEST VIRGINIA BOARD OF EDUCATION/
WEST VIRGINIA DEPARTMENT OF EDUCATION,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT HANCOCK COUNTY BOARD
OF EDUCATION'S MOTION TO DISMISS**

I.  Background

Plaintiff, Nathaniel Travis Vick, filed the above-styled civil action alleging that the defendant Boards of Education have violated the Individuals with Disabilities Act ("IDEA"), Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA")[1] and 42 U.S.C. § 1983. As relief, the plaintiff seeks compensatory and punitive damages. In response, the Hancock County Board of Education (hereinafter "County Board") filed a motion to dismiss in which it argues that the plaintiff's complaint is untimely and that the County Board is immune from claims for punitive damages. Following the issuance of a Roseboro notice, the plaintiff filed a response in opposition.

---

[1] The pro se plaintiff states that this Court has jurisdiction over this action pursuant to "Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12117." Title II of the ADA is actually located at 42 U.S.C. § 12131 et. seq.

## II. Applicable Law

The IDEA, ADA, and the Rehabilitation Act do not contain statutes of limitations on actions arising thereunder. Prior to 1990, when a federal statute did not contain a limitations period, the settled practice was to use the limitations period prescribed by the state in which the Court sits if it was not inconsistent with federal law or policy to do so. See Wilson v. Garcia, 471 U.S. 261, 266 (1985)(in the absence of a federal limitations period, courts should apply the statute of limitations from "the most appropriate" or "the most analogous" state cause of action); Thomas v. Staats, 633 F. Supp. 797, 799 (S.D. W. Va. 1985)(when a federal statute that does not contain a limitations period, a federal court must "borrow a period from state law which governs an analogous cause of action."). In an attempt to eliminate confusion caused by this method of case-by-case limitations borrowing, on December 1, 1990, Congress enacted 28 U.S.C. § 1658, a four-year federal limitations period for all federal causes of action that do not otherwise include a limitations period. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 378-80 (2004). The federal limitations period applies only to causes of action "arising under an Act of Congress enacted after [December 1, 1990]." 28 U.S.C. § 1658. A cause of action "arises under" an act of Congress enacted after December 1, 1990 "if the plaintiff's claim was made possible by a post-1990 enactment" or amendment. Jones, 541 U.S.

at 382. Courts must continue to turn to state law for an appropriate statute of limitations for federal causes of action that lack limitations periods and arise from causes of action created prior to December 1, 1990. See id. at 381-82.

### III. Discussion

The County Board argues that the plaintiff's complaint against it must be dismissed as time-barred pursuant to the two-year statute of limitations set forth at West Virginia Code § 55-2-12(b).[2] This Court agrees. The four-year federal statute of limitations does not apply to the plaintiff's claims because the IDEA, Title II[3] of the ADA,[4] and Section 504 of the Rehabilitation

---

[2]West Virginia Code § 55-12-2 provides that:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

W. Va. Code § 55-12-2.

[3]The plaintiff also states in his complaint that the "defendants' actions constitute violations of the Americans with Disabilities Act, Title II and Title III." To the extent that the plaintiff asserts a claim under Title III of the ADA, such claim is also time-barred.

[4]At least one Court of Appeals has suggested that § 1658 applies to causes of action arising under Title II of the ADA because the relevant provisions of Title II (i.e. 42 U.S.C.

3

Act were enacted prior to December 1, 1990. Accordingly, this Court must look to state law for the most appropriate limitations period.

As to the plaintiff's IDEA claim, it has been held that the two-year limitations period set forth in West Virginia Code § 55-2-12(b) is more appropriately applied to the IDEA than the one-year limitations period set forth in West Virginia Code § 55-2-12(c). Leake v. Berkeley Co. Board of Ed., 965 F. Supp. 838, 845-46 (N.D. W. Va. 1997). Specifically, the Court in Leake concluded that a two-year limitation on IDEA claims in West Virginia "will both safeguard the handicapped's educational rights and reconcile [the need for prompt resolution of educational disputes]" while the one-year limitation is "too short" to appropriately balance such tension. Id. This Court agrees with

---

§§ 12131, 12132, and 12133) did not become effective until after December 1, 1990. See Holmes v. Texas A&M University, 145 F.3d 681, 686 (5th Cir. 1998). The United States Court of Appeals for the Fourth Circuit has not yet ruled on the applicability of § 1658 to Title II ADA claims. A court in this district, however, has held that claims arising under Title II of the ADA are subject to the two year statute of limitations set forth in West Virginia Code § 55-2-12. Roe v. County Comm'n of Monogalia Co., 926 F. Supp. 74, 78 (N.D. W. Va. 1996)(finding that the West Virginia Human Rights Act is the most analogous West Virginia law to the ADA and that applying the West Virginia Human Rights Act's two-year statute of limitations to an ADA claim is fully consistent with the ADA and its underlying policies). This Court agrees with the reasoning in Roe and, in keeping with district precedent, applies a two-year statute of limitations to the plaintiff's Title II claim.

the analysis of the <u>Leake</u> court and will apply a two-year limitation period to the IDEA claim in this case.

As to the plaintiff's claim under Title II of the ADA, the two-year statute of limitations that applies to claims under the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 55-11-1 <u>et. seq</u>., is most appropriately applied. The West Virginia law to which the ADA is most analogous is the WVHRA, which prohibits discrimination in employment, housing, and access to public accommodations based on, among other things, disability. Because the two-year statute of limitations found at West Virginia Code § 55-12-2(b) applies to civil actions brought pursuant to the WVHRA, <u>McCourt v. Oneida Coal Co.</u>, 425 S.E.2d 602, 606 (W. Va. 1992), and is not inconsistent with the underlying policies of the ADA, it should be applied in this action. <u>See</u> <u>Roe v. County Comm'n of Monongalia Co.</u>, 926 F. Supp. 74, 78 (N.D. W. Va. 1996).

Finally, the appropriate statute of limitations for the plaintiff's Rehabilitation Act claim is also § 55-12-2(b)'s two-year period. Like Title II of the ADA, the Rehabilitation Act, which prohibits disability discrimination under federal grants and programs, is also most analogous to the WVHRA. Indeed, Title II of the ADA and the Rehabilitation Act share remedies, procedures and rights. 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 shall be the remedies procedures, and rights [that Title II] provides to any

person alleging discrimination on the basis of disability . . . .").

Because this Court has now determined that a two-year statute of limitations applies to all of the plaintiff's claims in this case, his claims are time-barred if he commenced this action more than two years after his claims accrued. It is unclear from the face of the plaintiff's complaint exactly when his claims accrued because the plaintiff asserts that the County Board's violations occurred "throughout the plaintiff's career in the defendants' school system." Nonetheless, it is unnecessary to determine the exact date of accrual in this case because even assuming, for the sake of argument, that all of the plaintiff's claims were tolled while he was minor,[5] the plaintiff turned eighteen on July 8, 2004. The plaintiff did not commence this action, in which he alleges violations of federal law that occurred during his elementary and secondary education, until May 22, 2007. Accordingly, his claims are untimely because more than two years elapsed between July 8, 2004 and May 22, 2007. It is unnecessary to address the County Board's argument that it is immune from an award of punitive

---

[5]Claims pursuant to the IDEA are generally not tolled by a student's minority status because the Act is "designed to assure that representatives of handicapped children [will] promptly assert the children's educational rights" and to permit tolling during a child's minority would undercut this federal policy. Alexopulos v. San Francisco Unified Sch. District, 817 F.2d 551, 555 (9th Cir. 1987).

damages because this Court finds that the plaintiff's complaint must be dismissed as time-barred.

IV. Conclusion

For the above-stated reasons, the plaintiff's complaint is DISMISSED as untimely as to the defendant County Board.[6]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 4, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[6]The plaintiff's claims against the West Virginia Board of Education/West Virginia Department of Education have previously been dismissed without prejudice.